**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6879**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

JEROME TYLER LOTTIER,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:16-cr-00030-EKD-1; 7:18-cv-81301-EKD-JCH)

Submitted:  November 17, 2020              Decided:  November 20, 2020

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Jerome Tyler Lottier, Appellant Pro Se.  Kari Kristina Munro, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Tyler Lottier seeks to appeal the district court's order denying his 28 U.S.C. § 2255 motion to vacate his conviction. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on April 9, 2020. Lottier filed the notice of appeal on June 9, 2020.[*] Because Lottier failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Lottier could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).